IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAWN M. LEWIS,<br>    Plaintiff,<br><br>v.<br><br>U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION and<br>JENNY R. YANG, CHAIR, U.S.<br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:16-cv-2728 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**I. SUMMARY**

Plaintiff Dawn M. Lewis (AKA West-Lewis) worked as an EEOC Dallas District Office Investigator from September 1999 until her disability retirement in May 2015. Prior to 2011, she received high performance evaluations for her work. In 2011, she raised her own EEO claims and offered to testify for a coworker's EEO hearing, and things went downhill from there. Some of the intervening matters were resolved by agreement, but complaints from 2014 forward remain to address in this forum. Plaintiff asserts discrimination on the basis of reprisal for prior EEO activity, being an African-American female, disability, or some combination of those. She raises her disability (i.e., early) retirement as a federal employee civil service constructive discharge or, failing that, as an element of damages for her EEO claims.

## II. PARTIES AND SERVICE

1.   Defendant Jenny R. Yang is sued in her official capacity as the Chair of the federal agency—the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission")—that took the challenged actions.

2.   Because this is a "mixed case" (involving both EEO and civil-service claims), Plaintiff additionally names the Commission as a Defendant.

3.   Service is being made upon:

   3.1.   [Both as to her in her official capacity as the defendant agency head and in her role as representative of the defendant Commission,] the Honorable Jenny R. Yang, Chair, U.S. Equal Employment Opportunity Commission, 131 M Street, NE, Washington, DC 20507;[1]

   3.2.   The Honorable Loretta E. Lynch/Attorney General/U.S. Department of Justice/10th & Pennsylvania Avenue, NW/Washington DC 20530; and

   3.3.   Civil Process Clerk/Office of the U.S. Attorney, N.D. TX/1100 Commerce St., 3rd Floor, Dallas, TX 75242-1699.

4.   Plaintiff Dawn M. Lewis is an individual residing in Carrollton, Texas and may be contacted by way of her undersigned attorney.

---

[1] By copy of the suit, EEOC is asked to cease further processing of EEO complaints numbered 2014-0033 and 2015-0023 (which are incorporated below) due to this filing.

## III. JURISDICTION AND VENUE

5.    The Court has jurisdiction because a federal official is a defendant and as the suit involves a federal question (claims arising under Title VII). 5 U.S.C. § 7702 and 29 C.F.R. § 1614.310 authorize a federal employee pursuing a mixed case of discrimination and civil-service claims to file in district court. 42 U.S. Code § 2000e–16 permits federal employees to bring suit based on claims of discrimination arising under Title VII.

6.    Venue is appropriate in the Northern District of Texas as it is where Plaintiff would be working if not for the events complained of, it is where records related to her employment are kept, and Defendants have an office there.

## IV. EXHAUSTION AND OTHER MISCELLANEOUS MATTERS[2]

7.    Plaintiff complied with any conditions precedent to raising these claims.

8.    Plaintiff adequately exhausted her administrative remedies prior to filing suit. For example, she files the mixed-case claims within 30 days of her attorney's August 29, 2016 receipt of the Final Decision from EEOC on them, and the other claims have been pending over 180 days without final agency action.

9.    Plaintiff has mitigated her damages to at least the extent required by law, such as by filing for OPM disability retirement and pursuing other career options.

---

[2] The undersigned attorney/law firm began representing Plaintiff effective May 26, 2016; some earlier claims are not mentioned below due to being abandoned as of this lawsuit.

## V. FURTHER CLAIMS[3]

10.    Plaintiff is an African-American female. Agency management officials were aware of this, such as from interacting with Plaintiff in person over the years and from the grounds listed in her prior EEO activity as motivating factors.

11.    Among the prior protected EEO activity she engaged in was:

11.1.   Pursuing EEO complaints (2011-33834 and 2011-33840) starting in 2011 that, though resolved in 2013 by agreement, involved Janet Elizondo, who was then Deputy Director and later became Director of the EEOC Dallas District Office. (Elizondo retired in mid-2015.)

11.1.1.        One of these related to Plaintiff's complaining of/opposing what she believed to be sexual harassment by a male coworker ("B.H."), such as comments and gestures of an unwelcome sexual nature (which another female also reported being made).

---

[3] Though some courts have held to the contrary, Plaintiff accepts the view of law imposed by EEOC when it decides cases involving reprisal claims by employees of other agencies: in the federal employee setting, "motivating factor" rather than "but for" is the applicable standard of causation for reprisal claims. *See, e.g., * * *, Complainant, v. Jeh Johnson, Sec'y, Dep't of Homeland Sec. (Transp. Sec. Admin.), Agency.,* EEOC DOC 0720140014, 2015 WL 5042782, *5-6 (E.E.O.C. Aug. 19, 2015) (finding that relevant federal sector statutory language does not contain the "because of" language cited in *University of Texas Southwestern Medical Center v. Nassar*, 133 S.Ct 2517 (2013); instead relying on the broad prohibition of discrimination, not a list of specific prohibited practices). Whatever rule may apply to other federal agencies, EEOC should not be allowed to argue here for the stricter "but for" standard when its own decisions apply the lower standard to others. Plaintiff contends she should prevail under either standard.

11.2.  Voluntarily offering to testify in 2011 at the EEO hearing of coworker "D.B." (also an African-American female).[4]

11.3.  Starting in 2014, pursuing the EEO complaint identified below as 2014-0033 and then in 2015 the one numbered 2015-0023.

11.4.  Initiating EEO Counseling around March 27, 2015[5] and then filing a formal complaint around July 7, 2015 for the mixed case 2015-0030.

11.5.  Requesting reasonable accommodations, such around April 9, 2014 for reassignment to the Mail-In Unit and a special chair for her back pain.

12.  Agency management was aware of Plaintiff's EEO activity, such as due to one or more of the following: being alerted by headquarters of the filing(s), communicating with one or more EEO Counselor(s) at the informal stage, giving one or more affidavits to one or more EEO investigators during the formal stage, Ms. Elizondo's being present when Plaintiff voluntarily appeared to testify in favor of coworker D.B. at the hearing on D.B.'s EEO claims, and receiving Plaintiff's reasonable accommodation request.[6]

---

[4] A third African-American female coworker ("S.S.") has an EEO complaint pending.

[5] Initiation of EEO Counseling is a prerequisite to a federal employee's later filing a formal complaint, except for matters "like or related" to existing issues. 29 CFR §1614.105(b)

[6] The agency proceeded to have Plaintiff excluded as a witness, so she departed the hearing. Plaintiff also provided a written statement related to D.B.'s EEO complaint processing.

13.    Mixed Case **Complaint No. 2015-330**:

13.1.  Plaintiff was subjected to disparate treatment as to terms and conditions or her employment when:

13.1.1.    around April 1, 2015 she was placed on administrative leave and escorted out of the office, apparently with no investigation ever being completed, never to return (after what was alleged to have been a confrontation with a colleague);

13.1.2.    around March 11, 2015 she was issued a 10-day suspension after her computer was stolen; and

13.1.3.    she was forced to file for disability retirement with the Office of Personnel Management[7] or she would have been fired (as confirmed by the draft proposed removal being prepared although an investigation had not been completed).

13.1.4.    As to her constructive discharge claim, she asserts that:

13.1.4.1.    she was suspended and placed on administrative leave around April 1, 2015;

13.1.4.2.    her EEOC employment ended May 15, 2015, with the granting of her disability retirement application;

---

[7] As noted earlier, alternatively to the constructive discharge claim, she raises the economic impact of the early retirement as an element of damages under her EEO claims.

    13.1.4.3.  the EEOC intended to fire her had she not left on disability retirement (the notice of proposed termination that was to be issued is in the EEO investigative file); and

    13.1.4.4.  Plaintiff suffered a sufficient degree of discrimination/reprisal by the Commission (i.e., the cumulative effect of the incidents set out elsewhere in this suit) for a reasonable person in her position to feel compelled to resign/retire.

14. Pretext, or a conflict in substantial evidence, is demonstrated by facts such as:

  14.1. As to being placed on administrative leave and escorted out of the office (and scheduled to receive a notice of proposed removal had she not retired), one or more other employees under the chain of command of Janet Elizondo (but outside one or more of Plaintiff's protected categories) engaged in confrontational conduct with coworkers but received lesser or no punishment. Among such employees is male "B.H."

  14.2. As to the 10-day suspension for having her work computer stolen, one or more other employees under Ms. Elizondo's chain of command, but outside of one or more of Plaintiff's protected categories, have

lost/destroyed/had stolen office equipment but received lesser or no punishment for it. Among such employees was a female "B.M."

15. With regard to EEO **Complaint No. 2015-0023**, Plaintiff was:

15.1. subjected to management officials, such as Janet Elizondo, soliciting complaints about Plaintiff from charging parties by way of using intermediate staff such as Lily Wilson, Sandra Taylor, and Mark Ellison to do her dirty work;

15.2. accused of unacceptable performance when prior to her protected EEO activity she had not been, and in fact had received ratings at the outstanding or highly effective level; and

15.3. as recently as January 1, 2015, she was denied performance awards (such as for cash or time off) on an ongoing basis (when others received awards notwithstanding their and the agency's substantial backlogs).

16. Among evidence of pretext or a conflict in substantial evidence as to Complaint No. 2015-0023 is:

16.1. her performance was well-regarded prior to her EEO activity;

16.2. one or more other investigators (believed to be "K.H.", "S.J.", and "B.M."—all of whom did not have a history of protected EEO activity) were the subject of complaints from charging parties but were not subjected to the same sort of performance actions as was Plaintiff; and

16.3. a person ("S.T.") selected for a supervisory position that Plaintiff was interested in is believed to have left the agency earlier in disgrace due to improper handling of charges and/or conflicts of interest involving her husband, yet was brought back without competition and promoted.

17. As to EEO **Complaint No. 2014-0033:**

17.1. Plaintiff's previously approved annual leave was disapproved, and instead charged as eight hours of leave without pay;[8]

17.2. around November 13, 2013, she was counted as AWOL and went unpaid for some 66 hours during a medical leave of absence for which advanced sick leave ordinarily would have been available; and

17.3. around October 1, 2014 she was denied two months of paid medical leave though the leave was recommended by her medical provider and advanced sick leave could have been provided; instead she was told to use some 53 hours of unpaid FMLA.

18. Under this same 2014-0033, Plaintiff asserts that she is a person with a disability[9] and was denied one or more reasonable accommodations, such as

---

[8] The leave for around July 2015 was for a family-law matter in state District Court involving her ex-husband, who is the Chief Administrative Judge for EEOC in Dallas. Janet Elizondo approved the leave and then later reversed that decision.

[9] Plaintiff was injured at work in August 2013 when a chair broke and she eventually came to suffer from anxiety/panic attacks, severe depression, chronic low back pain, chronic neurodermatitis, and carpal tunnel syndrome. These are impairments that substantially

for reassignment to the Mail-In Unit and a special chair for back pain, as requested around April 9, 2014. She contends that such an assignment and the chair more likely than not would have allowed her to continue to perform her duties and not have required disability retirement. Other investigators (such as "T.J.", "S.J.", "D.L.", and "S.T.") were allowed to work entirely on the Mail-In Unit as other than as an accommodation. Reassignment would not have posed an undue burden on the agency because it would have allowed her to continue to be productive. This non-accommodation also is raised as disparate treatment in that one or more coworkers outside one or more of Plaintiff's protected categories was treated more favorably.

19.     Her April 9, 2014 request also sought temporary work from home and removal from Intake Rotation.  She was granted two days of telework a week, but was later disciplined when she used them. A chair for her back issues was promised, but never actually provided.

20.     As to pretext or a conflict in substantial evidence regarding these events, other employees outside of one or more of Plaintiff's protected categories have been

---

limit the major bodily functions such as her neurological system and brain. The fact that Plaintiff suffered one or more disabilities would have been known to management for reasons such as that she made reasonable accommodation requests and eventually filed for disability retirement. The severity of one or more of the conditions is confirmed by OPM's decision to grant her disability retirement as a result.

allowed to use paid leave for medical absences and/or extended periods, such as "A.L.". Also, ill motive is reflected in the fact that Plaintiff was required to take FMLA in two-week blocks while other employees generally were not (and FMLA regulations do not have this requirement), while "S.S.", another employee with EEO activity also is believed to have had to follow that procedure.

## VI. DAMAGES AND RELIEF SOUGHT

21. As a result of the actions of the defendant, Plaintiff has suffered losses justifying the granting of one or more of the following:

21.1. equitable relief, such as a declaration that the defendants violated Title VII and (implementing ADAAA standards) the Rehabilitation Act; also retroactive voiding of the disciplinary actions found to be improper;

21.2. an injunction prohibiting one or both defendants from further violating the law as to Plaintiff;

21.3. an order requiring the defendants to regularly report to the Court on future efforts to reduce the likelihood of others suffering such violations;

21.4.  re-appointment to employment at the EEOC, retroactive to her May 15, 2015 retirement, restoring lost pay and benefits;[10]

22.    an award of other damages, such as:

22.1.  compensatory damages and

22.2.  back pay, seniority, and benefits lost as a result of the violations.

23.    An award of attorney fees, expenses, and court costs.  For example, attorney fees may be awarded under Title VII, the Rehabilitation Act/ADAAA, or the Back Pay Act—or if under none of those—the Equal Access to Justice Act.

24.    Plaintiff seeks other appropriate relief to which she may be entitled and requests that the Court deny Defendants relief of any kind.

---

[10] Under standard OPM disability retirement rules, a retiree the first year earns 60% of her salary less 100% of any social security disability benefit, and thereafter earns 40% of the salary less 60% of social security benefits, but receives the "earned" annuity if higher (inapplicable here). *See https://www.opm.gov/retirement-services/fers-information/types-of-retirement#url=Disability.* To the extent that even prevailing in her suit does not resolve the depression and anxiety issues sufficiently for Plaintiff to be confident she can return to work, she alternatively requests the difference for the first five years on disability retirement between what she would have earned if still employed as compared to the disability benefits and any other outside income she earns. Or if it were determined she could perform duties if she had been accommodated with the requested transfer to the Mail-In Unit, then retroactive appointment to that position.

## IX. JURY REQUEST

25.    Plaintiff requests a trial by jury as to all issues not reserved by law for the court.

## X. PRAYER

ON THESE GROUNDS, Plaintiff respectfully asks that she be granted the relief sought and that judgment be entered in her favor and against Defendants.

Respectfully Submitted,

SCHLEICHER LAW FIRM, PLLC
1227 N. Valley Mills Dr., Ste. 208
Waco, TX 76710
(254) 776-3939
(254) 776-4001 fax

By:  */s/ David R. Schleicher*
David R. Schleicher TX Bar. 17753780
david@gov.law